CATHLEEN COOPER MORAN (BAR NO. 83758)
RENÉE C. MENDOZA (BAR NO.139939)
MORAN LAW GROUP
1674 N. Shoreline Blvd. Suite 140
Mountain View CA 94043
Tel: (650) 694-4700
Fax: (650) 694-4818
Cathy@moranlaw.net
renee@moranlaw.net

D. BRAD JONES (BAR NO.126650)
LAW OFFICES OF D. BRAD JONES
440 N. First Street, Suite 100
San Jose, CA 95112
Tel: (408) 295-4000
Fax: (408) 342-6873
brad@dbjlawoffices.com

Attorneys for Defendant
CRAIG A. COUSINS

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

| | |
|---|---|
| In re:<br><br>CRAIG A. COUSINS and AGNES E. SMITH,<br><br>Debtors.<br><br>JEAN SCHOTT<br><br>Plaintiff,<br><br>v.<br><br>CRAIG A. COUSINS,<br><br>Defendant. | CASE NO.: 17-52821-MEH<br><br>Chapter 7<br><br>Adversary Proceeding - Case No. 18-05008<br><br>Answer of Defendant Craig Cousins to Complaint to Determine Dischargeability of Debt |

Defendant, CRAIG A. COUSINS ("Cousins") answers the Complaint to Determine Dischargeability of Debt (the "Complaint") filed by Plaintiff, JEAN SCHOTT ("Schott") as follows:

1

## ANSWER TO COMPLAINT

### Jurisdiction And Venue

1. Cousins admits the allegations contained in this Paragraph.

2. Cousins admits the allegations contained in this Paragraph.

### General Allegations

3. Cousins admits that Cover Story, LLC (hereinafter "Cover Story") was a California limited liability company that was formed on December 29, 1998, under entity number: 199836310069, between Cousins and Julie Cousins, as co-members, and is now FTB Suspended.

4. Cousins admits that prior to the FTB Suspension of Cover Story that he was a co-member through approximately 2009, and after that time was the sole member and managed the Cover Story business.

5. Cousins admits that Cover Story was a retail business which operated and maintained a business location in downtown Los Altos, California, which sold home furnishings and décor and provided interior design and decoration services. Further, that Cover Story was attempting to grow its business and opened a retail business activity that operated in downtown Los Gatos, California.

6. Cousins specifically denies that he and Schott were "close friends", and further denies that prior to entering into the personal loan transactions, which are the subject of the Complaint, that he and Schott had anything remotely close to an "intimate" relationship. With respect to the balance of the allegations in this Paragraph, Cousins alleges that he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable it to answer any of said allegations and, on

2

Answer of Defendant Craig A. Cousins to Complaint to Determine Dischargeability of Debt

that ground, denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

7. Cousins specifically denies that he wanted to keep any so called "relationship" with Schott secret.

8. Cousins specifically denies that he ever "boasted" to Schott about the "profitability" or lack thereof, of Cover Story, and further, specifically alleges that Schott had been a customer of Cover Story over several years and any concept and/or perception as to Cover Story's profitability was based on nothing more than her own perception as a customer.

9. Cousins specifically denies that he told Schott there was "something" he wanted to talk about, but in reality it was Schott who told Cousins that she had heard about his plans to open another retail business activity in downtown Los Gatos and that he was seeking personal loans in order to fund the new retail business activity. Cousins admits that during this conversation, in response to Schott's expressed interest in wanting to loan him money, that it was his intent, if possible, to grow the new retail business activity and eventually form and incorporate a closely held corporation, or another legal business entity concerning this second retail business location. Further, that if, when, and in the event such incorporation occurred, then those who had made personal loans to him, would have the "option" to decide, at the time the personal loan(s) became due, to convert such personal loan into equity shares of the newly formed entity. Moreover, Cousins admits that he told Schott, with respect to those who voluntarily decided to exercise their option and convert their personal loan(s) into equity shares, they would at that time mutually agree, in writing, what the "valuation" of such shares would be. With respect to the balance of the

3

allegations contained in this paragraph, Cousins alleges that he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable it to answer any of said allegations and, on that ground, denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

10. Cousins admits the allegations contained in this Paragraph.

11. Cousins specifically denies the allegations contained in this Paragraph.

12. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

13 Cousins admits, that following Schott's unsolicited offer to loan him money, Schott suggested she wanted to loan Cousins, personally, $50,000.00. Upon hearing this, Cousins told her that a loan in the amount of $50,000.00 was the largest personal loan made to him at that time, with respect to the new retail business activity he was planning to open in Los Gatos. Regarding the balance of the allegations contained in this Paragraph, Cousins alleges that he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable him to answer any of said allegations and, on that ground, denies each and every, all and singular, generally and specifically.

14. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

15. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

4

Case: 18-05008  Doc# 8  Filed: 03/05/18  Entered: 03/05/18 17:31:43  Page 4 of 13
Answer of Defendant Craig A. Cousins to Complaint to Determine Dischargeability of Debt

16. Cousins admits the allegations contained in this Paragraph.

17. Cousins admits the allegations contained in this Paragraph.

18. Cousins admits that in consideration of the First Note, Schott made a personal loan to him in the amount of $50,000,00, however, Cousins alleges that with respect to the balance of this Paragraph, he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable him to answer any of said allegations and, on that ground, denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

19. Cousins admits that in or around September of 2012, he sent Schott an email and that the email speaks for itself. However, Cousins alleges that with respect to the balance of this Paragraph, he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable him to answer any of said allegations and, on that ground, denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

20. Cousins admits that on September 19, 2012, he sent Schott an email and that the email speaks for itself.

21. Cousins admits the allegations contained in this Paragraph.

22. Cousins admits that in consideration of the Second Note, Schott made a personal loan to him in the amount of $50,000,00, however, Cousins alleges that with respect to the balance of this Paragraph, he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable him to answer any of said allegations and, on that ground, denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

5

Case: 18-05008  Doc#: 8  Filed: 03/05/18  Entered: 03/05/18 17:31:42  Page 5 of 13
Answer of Defendant Craig A. Cousins to Complaint to Determine Dischargeability of Debt

23. Cousins alleges that with respect to the allegations contained in this Paragraph, he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable him to answer any of said allegations and, on that ground, denies each and every, all and singular, generally and specifically, said allegations and the whole thereof.

24. Cousins alleges that with respect to the allegations contained in this Paragraph, he lacks sufficient information, or has no information or belief upon the subjects contained therein sufficient to enable him to answer any of said allegations and, on that ground, denies each and every, all and singular, generally and specifically, said allegations and the whole thereof. Notwithstanding the above, Cousins states that the terms and conditions set forth in both the First Note and the Second Note speak for themselves.

25. Cousins admits the allegations contained in this Paragraph.

26. Cousins denies the allegations contained in this Paragraph.

27. Cousins admits that prior to July 2013, that the real property located at 216 Main Street, Los Altos, CA, was jointly owned with his former wife and subsequently sold at or around this time, but denies the remaining allegations contained in this Paragraph, both generally and specifically, all and in the singular.

28. Cousins admits the allegations contained in this Paragraph.

29. Cousins admits the allegations contained in this Paragraph.

30. Cousins denies that he was solely liable on a debt to Julie's parents, in an amount close to or in excess of $400,000.00, for loans provided in connection with Cover Story and the Main Street Property, and further denies that he was under any obligation, fiduciary or otherwise, to disclose any information concerning his martial dissolution to

Schott.

31. Cousins denies that an "agreement" was made and entered into in 2009 to sell the Main Street Property, and further states that the terms and conditions contained in the Stipulation and Order speak for themselves.

32. Cousins admits the allegations contained in this Paragraph.

33. Cousins admits the allegations contained in this Paragraph.

34. Cousins admits the existence of the Settlement Agreement, but states that the terms and conditions contained in therein speak for themselves.

35. Cousins admits that a bulk sale of the assets of Cover Story's Los Gatos store was completed on or about June of 2015, however lacks sufficient information or belief to admit or deny the remaining allegations set forth in this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

36. Cousins admits that a bulk sale of the assets of Cover Story's Los Altos store was completed on or about July of 2015, and further that the closing statement speaks for itself.

37. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

38. Cousins specifically denies the allegations contained in this Paragraph.

39. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

7

40. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

## FIRST CLAIM FOR RELIEF
## (11 U.S.C. §523(a)(2)(A))

41. In answering the allegations in Paragraph 41 of the Complaint, Cousins hereby incorporates and re-alleges each and every response set forth in Paragraphs 1-40 inclusive, in his answers as if each of those responses were fully restated and set forth in this response to the First Claim for Relief.

42. Cousins specifically denies the allegations contained in this Paragraph.

43. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

44. Cousins specifically denies the allegations contained in this Paragraph.

45. Cousins specifically denies the allegations contained in this Paragraph.

46. Cousins specifically denies the allegations contained in this Paragraph.

47. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

48. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

49. Cousins specifically denies the allegations contained in this Paragraph.

50. Cousins specifically denies the allegations contained in this Paragraph.

51. Cousins specifically denies the allegations contained in this Paragraph.

52. Cousins specifically denies the allegations contained in this Paragraph.

53. Cousins specifically denies the allegations contained in this Paragraph.

54. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

55. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

56. Cousins specifically denies the allegations contained in this Paragraph.

57. Cousins specifically denies the allegations contained in this Paragraph and that Schott is entitled to exemplary and punitive damages, or any damages whatsoever.

58. Cousins specifically denies the allegations contained in this Paragraph.

### SECOND CLAIM FOR RELIEF
### (11 U.S.C. §523(a)(6))

59. In answering the allegations in Paragraph 59 of the Complaint, Cousins hereby incorporates and re-alleges each and every response set forth in Paragraphs 1-58 inclusive, in his answers as if each of those responses were fully restated and set forth in this response to the First and Second Claim for Relief.

60. Cousins admits the allegations contained in this Paragraph.

61. Cousins specifically denies the allegations contained in this Paragraph.

62. Cousins lacks sufficient information or belief to admit or deny the allegations set forth by this Paragraph and, based on such lack of information and belief, denies all allegations, both generally and specifically, all and in the singular.

9

Case: 18-05008    Doc#: 8    Filed: 03/05/18    Entered: 03/05/18 17:31:42    Page 9 of 13
Answer of Defendant Craig A. Cousins to Complaint to Determine Dischargeability of Debt

63. Cousins specifically denies the allegations contained in this Paragraph.

64. Cousins specifically denies the allegations contained in this Paragraph.

65. Cousins specifically denies the allegations contained in this Paragraph and that Schott is entitled to exemplary and punitive damages, or any damages whatsoever.

66. Cousins specifically denies the allegations contained in this Paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

67. Cousins denies each and every allegation of the Complaint, and in particular denies that Schott was damaged, or has sustained any additional damages, under any theory, in any sum or sums alleged, or at all, as a result of any act or omission of Cousins.

### SECOND AFFIRMATIVE DEFENSE

68. The Complaint and each cause of action fails to allege facts sufficient to constitute a cause of action.

### THIRD AFFIRMATIVE DEFENSE

69. The Complaint and each cause of action is barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

70. The Complaint and each cause of action is barred by the application of the doctrine of waiver to the acts, conduct and representations by Schott.

### FIFTH AFFIRMATIVE DEFENSE

71. Schott is guilty of unclean hands, which bars her rights of recovery against Cousins.

### SIXTH AFFIRMATIVE DEFENSE

72. The Complaint and each cause of action is barred by application of the doctrine of unjust enrichment to the acts, conduct and representations by Ms. Schott.

10

## SEVENTH AFFIRMATIVE DEFENSE

73. Schott failed to mitigate her damages, if any, and any recovery awarded should be reduced by the amount of damages that could reasonably have been avoided by such actions had she promptly, following nonpayment under the Notes by Cousins when due, declared a default of such payment obligations.

## EIGHTH AFFIRMATIVE DEFENSE

74. The Complaint and each cause of action is barred by the applicable statute of limitations, including but not limited to, the provisions of Sections 338; and 343 of the California Code of Civil Procedure.

## NINTH AFFIRMATIVE DEFENSE

75. The Complaint and each cause of action is barred by failure of consideration.

## TENTH AFFIRMATIVE DEFENSE

76. The Complaint and each cause of action is barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

77. Schott has directed, ordered, approved and ratified Cousins conduct and is therefore estopped from asserting any claims based thereon.

## TWELFTH AFFIRMATIVE DEFENSE

78. The Complaint and each purported cause of action therein, is barred in whole or in part by the Parol Evidence Rule, including but not limited to §1856 of the Code of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

79. The Complaint and each cause of action is barred by the application of the doctrine of waiver to the acts, conduct and representations by plaintiff.

///
///
///
///

11

## FOURTEENTH AFFIRMATIVE DEFENSE

80. Schott has not stated facts sufficient to set forth a prima facie case for punitive damages as provided by Civil Code §3294, et seq.

## FIFTEENTH AFFIRMATIVE DEFENSE

81. Cousins alleges that he has not had an opportunity to conduct discovery or investigation in this litigation. Cousins reserves the right to assert additional affirmative defenses in the event that additional defenses become apparent during the course of this litigation as learned through the discovery and/or investigative process.

## SIXTEENTH AFFIRMATIVE DEFENSE

82. Cousins reserves the right to invoke the provisions of Code of Civil Procedure §1038.

## REQUEST FOR JURY TRIAL

Defendant Cousins hereby requests that this matter be tried by jury.

## PRAYER

**WHEREFORE**, based on the foregoing answers, responses and affirmative defenses, Defendant, CRAIG A. COUSINS, prays that judgment be entered herein in his favor and against Plaintiff, JEAN SCHOTT, on the entirety of the Complaint and each claim for relief stated therein, as follows:

A. For a determination by this Court that the debt owed to Plaintiff JEAN SCHOTT is dischargeable;

B. That Plaintiff JEAN SCHOTT take nothing by way of the Complaint;

C. That the Complaint be dismissed with prejudice;

D. That Defendant CRAIG A. COUSINS recover from the Plaintiff attorney's fees and all costs of suit incurred herein, pursuant to the First and Second Note; and

E. For such other and further relief as the Court deems proper.

12

Case: 18-05008    Doc# 8    Filed: 03/05/18    Entered: 03/05/18 17:31:42    Page 12 of 13
Answer of Defendant Craig A. Cousins to Complaint to Determine Dischargeability of Debt

Dated: March 2, 2018   MORAN LAW GROUP

/s/ Cathleen Cooper Moran
CATHLEEN COOPER MORAN
Attorney for Craig A. Cousins

Dated: March 2, 2018   LAW OFFICES OF D. BRAD JONES

/s/ D. Brad Jones
D. BRAD JONES
Attorney for Craig A. Cousins

13